IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CT-3109-FL

| | |
|---|---|
| WILLIE JAMES DEAN, JR., | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| JOHNNIE JONES and CHARLES C. HOBGOOD, | ) |
| Defendants.[1] | ) |

This matter is before the court on plaintiff's request to withdraw from the parties' settlement agreement (See DE 111). Pursuant to 28 U.S.C. § 636(b)(1), and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert T. Numbers, II, issued memorandum and recommendation ("M&R") (DE 119), wherein it is recommended that the court deny plaintiff's request.

## BACKGROUND

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint on May 6, 2016, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. On May 18, 2021, following multi-day court hosted settlement conference, the parties reached a "memorandum of understanding" to resolve the action. The magistrate judge directed the parties to draft the full settlement agreement and complete the administrative steps necessary to consummate the settlement on or before September 30, 2021.

---

[1] The court dismissed formerly named defendants George T. Solomon, Carlton Joyner, and S. Waddell by separate order entered November 15, 2016.

On July 21, 2021, plaintiff notified the court that he would not sign the written settlement agreement and requested that the court set this matter for further proceedings. The court then referred this action back to the magistrate judge for consideration of plaintiff's request to withdraw from the settlement agreement and for further settlement negotiations. In M&R entered January 10, 2022, the magistrate judge recommends denial of plaintiff's request and that the court on its own motion enforce the settlement agreement where the parties reached an enforceable agreement and plaintiff has failed to demonstrate substantial reason to withdraw.

## DISCUSSION

A.      Standard of Review

The district court reviews de novo those portions of the M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.      Analysis

The magistrate judge thoroughly and cogently addressed the reasons for denying plaintiff's request to withdraw from the settlement agreement. Upon de novo review of the claims asserted and the record in this case, the court overrules the objections and adopts the findings and

2

Case 5:16-ct-03109-FL    Document 121    Filed 10/13/22    Page 2 of 6

recommendation in the M&R. The magistrate judge correctly determined, in light of the record and the circumstances of this case, that plaintiff entered into an enforceable settlement agreement, the terms of which were set forth in the parties' memorandum of understanding, and that no valid basis exists for declining enforcement. See Hensley v. Alcon Labs., Inc., 277 F.3d 535, 540–41 (4th Cir. 2002). The court writes separately to address plaintiff's objections.

As the magistrate judge explained, the court has inherent authority to enforce settlement agreements. Id.; Millner v. Norfolk & W. Ry. Co., 643 F.2d 1005, 1009 (4th Cir. 1981). In order to enforce the agreement, the court must first determine that the parties reached a "complete agreement" and that the terms and conditions of the agreement can be ascertained. Hensley, 277 F.3d at 540–41. If these two factors are met, the court "may enforce the agreement summarily as long as the excuse for nonperformance of the agreement is comparatively insubstantial." Id.; Millner, 643 F.2d at 1009.[2] "Having second thoughts about the results of a settlement agreement does not justify setting aside an otherwise valid agreement." Young v. FDIC, 103 F.3d 1180, 1195 (4th Cir. 1997).

Plaintiff objects to the M&R on two grounds: 1) plaintiff argues he provided valid, substantial reasons to decline enforcement and allow withdrawal from the agreement and the magistrate judge's contrary finding was erroneous; and 2) the magistrate judge erred in concluding that the parties reached an enforceable settlement agreement. (DE 120 at 1). Beginning with the latter objection, plaintiff argues the parties did not reach a settlement agreement because he refused to sign the written agreement presented to him. Plaintiff, however, cites no authority for the proposition that settlement agreements must be signed to be enforceable.

---

[2] Internal citations and quotation marks are omitted from all citations unless otherwise specified.

Settlement agreements are interpreted based on "standard contract principles." See Hensley, 277 F.3d at 540. Under North Carolina law,[3] "[t]here is no law requiring a compromise contract . . . to be put in writing." Armstrong v. Polakavetz, 191 N.C. 731, 735 (1926); see also Normile v. Miller, 313 N.C. 98, 103 (1985) (discussing general rules for contract formation under North Carolina law, which does not include a signed writing); Cont'l Cablevision of New England, Inc. v. United Broad. Co., 873 F.2d 717, 720 (4th Cir. 1989) (applying Maryland law and explaining "in certain circumstances, signatures are not required to bring a contract into being"); Swift v. Frontier Airlines, Inc., 636 F. App'x 153, 155 (4th Cir. 2016) (explaining that under Virginia law "the fact that the release was never signed does not undermine the existence of the prior oral settlement agreement"). Accordingly, the fact that plaintiff declined to sign the settlement agreement does not standing alone render the agreement unenforceable or incomplete.

In connection with this same objection, plaintiff states that once he read his copy of the settlement agreement "on his own," he "declined to sign the agreement" and thus he "does not agree to the terms of the settlement agreement he never signed." (DE 120 at 3–4). This argument ignores the magistrate judge's factual findings establishing that plaintiff's oral agreement to settle the case on the terms set forth in the memorandum of understanding constitutes a binding agreement notwithstanding plaintiff's attempt to reject the written agreement. Plaintiff was present at the settlement conference and represented by counsel. (M&R (DE 119) at 1–3; Minute Entry (DE 110)). At the hearing on the instant motion to withdraw, plaintiff "acknowledged

---

[3] The parties have not argued the court should draw on any other source of law to resolve this issue. See Swift v. Frontier Airlines, Inc., 636 F. App'x 153, 155 n.* (4th Cir. 2016) (noting party's argument that federal common law applies to interpretation of settlement agreements but nevertheless applying state law because it "may be considered" even "if federal common law applies"). The court applies North Carolina law where the contract was entered into in North Carolina to resolve a dispute that arose in this state. See In re Nantahala Village, Inc., 976 F.2d 876, 881 n.7 (4th Cir. 1992) (discussing North Carolina common law rule of lex loci contractus).

entering into the agreement [as set forth in the memorandum of understanding] knowingly and voluntarily." (M&R (DE 119) at 3). And the terms of the agreement were discussed at the hearing and reduced to writing in the memorandum of understanding sent to both parties that same day. (See id. at 1–3, 4–5). In the absence of argument or evidence contradicting the foregoing factual findings, the agreement was reached and became enforceable at the time the parties' assented during the conference. See Normile, 313 N.C. at 103; Swift, 636 F. App'x at 155 (oral agreement to settle case remains binding even if a party refuses to sign the written agreement). Plaintiff's subsequent dissatisfaction with same terms he agreed to at the conference is not a valid basis for withdrawing from the agreement. Young, 103 F.3d at 1195 ("Having second thoughts about the results of a settlement agreement does not justify setting aside an otherwise valid agreement.").

Plaintiff's remaining objection is addressed to the second prong of the enforcement standard: whether "the excuse for nonperformance of the agreement is comparatively insubstantial." Hensley, 277 F.3d at 540. Plaintiff argues that in the event defendants breach the agreement, he may have to proceed pro se in a motion to enforce the agreement or in a state law action for breach of contract. The speculative concern that defendants will breach the settlement agreement does not establish a "substantial" reason to withdraw. See id.; Young, 103 F.3d at 1194 (explaining conclusory allegations that settling party breached the settlement agreement are insufficient to justify withdrawal from the agreement). Furthermore, even assuming that defendants did breach the agreement, plaintiff is capable of proceeding pro se on a motion to enforce or a state law claim for breach of contract. (See Feb. 23, 2018, order (DE 73) at 10 (concluding "plaintiff has demonstrated through the detail of his filings that he is capable of

5

Case 5:16-ct-03109-FL    Document 121    Filed 10/13/22    Page 5 of 6

proceeding pro se"); <u>Dean v. Jones</u>, 984 F.3d 295, 307 (4th Cir. 2021) (commenting on plaintiff's "detailed and sworn attestation" filed in response to defendants' motion for summary judgment).

In sum, the magistrate judge correctly determined that plaintiff entered into an enforceable settlement agreement with ascertainable terms, and that his reasons for attempting withdrawal from the agreement are insubstantial. The memorandum of understanding will be entered into the record as a consent judgment. <u>See</u> <u>Hensley</u>, 277 F.3d at 540 (noting that where the court determines enforcement of a settlement agreement is proper, the "exercise of this authority has the practical effect of entering a judgment by consent")

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R (DE 119) and DENIES plaintiff's request to withdraw from the settlement agreement (DE 111). The clerk is DIRECTED to enter the memorandum of understanding (DE 119-1) as the parties' consent judgment, and to administratively terminate the case. All deadlines set forth in the memorandum of understanding shall run from the date of entry of the consent judgment on the docket. In the event defendants do not comply with the terms of the consent judgment, plaintiff may file a motion to enforce the judgment in this court or pursue claims for breach of contract in state court.

SO ORDERED, this the 13th day of October, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge